UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH,<br><br>    Plaintiff,<br><br>  v.<br><br>JIM COOPER, et al.,<br><br>    Defendants. | No. 2:23-cv-00660-CKD P<br><br><br>ORDER |

   Plaintiff is a former county inmate currently confined at Napa State Hospital who is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### I.	Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### II.	Allegations in the Complaint

Plaintiff filed the pending complaint while he was an inmate at the Rio Consumnes Correctional Center ("RCCC").  Named as defendants in this action are the Sacramento County

2

Sheriff Jim Cooper, Lieutenant Aaron Leahy, and John Doe who is described as the head cook at the RCCC.

Plaintiff is a member of the Sikh religious faith who does not eat any type of meat. He was denied breakfast and dinner meals that did not comport with his religious beliefs for a period of 11 months even though he requested a religious diet. On March 9, 2023, defendants Leahy and Cooper threatened plaintiff with disciplinary action for using the jail grievance system. By way of relief, plaintiff seeks injunctive relief and monetary damages.

### III.  Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the complaint.

#### A.  Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a

plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C. First Amendment Free Exercise of Religion

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987).  Among the rights prisoners possess is the right to the free exercise of religion, subject to limitations justified by the considerations underlying our penal system.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).

To merit protection under the free exercise clause of the First Amendment, a religious exercise claim must satisfy two criteria.  An inmate must plausibly allege that a prison official's actions: (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner -- i.e., the official's actions were not "rationally related to legitimate penological interests." See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-50 (1987); Jones v. Williams, 791 F.3d at 1031, 1033; Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).  A substantial burden places more than an inconvenience on religious exercise; it must tend to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs.  Jones v. Williams, 791 F.3d at 1031-32.  "Determining whether a claim is "rooted in religious belief" requires analyzing whether the plaintiff's claim is related to his sincerely held religious belief.  Id. (citations omitted); see Shakur v. Schiriro, 514 F.3d 878, 885 (9th Cir. 2008) (proper focus of free exercise analysis of diet request is whether inmate "sincerely believes eating kosher meat is consistent with his faith.").

### D. Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")

The RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'"  Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (internal quotations and citations omitted).  The plaintiff bears the initial burden of demonstrating that an

institution's actions have placed a substantial burden on plaintiff's free exercise of religion. To state a cognizable claim under RLUIPA, plaintiff must specify how the defendant denied him access to religious services. In this regard, plaintiff must link any RLUIPA claim to the defendant's specific conduct. Plaintiff is advised that monetary damages are not available under RLUIPA against state officials sued in their individual capacities. See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). RLUIPA only authorizes suits against a person in his or her official or governmental capacity. See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).

### E. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### F. Conditions of Confinement

It is unclear whether plaintiff was a pretrial detainee or a convicted defendant during the relevant time frame alleged in the complaint. As a result, the court will provide plaintiff with the relevant legal standards governing challenges to his conditions of confinement as a pretrial detainee as well as a convicted defendant.

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

"The more protective fourteenth amendment standard applies to conditions of confinement when detainees ... have not been convicted of a crime." Jones v. Blanas, 393 F.3d

918, 931 (9th Cir. 2004) (internal quotations and citations omitted). The due process clause of the Fourteenth Amendment "requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jackson v. Indiana, 406 U.S. 715, 738 (1972).

### IV.     Analysis

Although plaintiff indicates that his Sikh religion is a sincerely held belief that prevents him from eating meat, the complaint fails to identify how each of the named defendants is responsible for the alleged constitutional violations. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (emphasizing that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. The court cannot determine from the complaint what role, if any, the named defendants played in the alleged deprivation of plaintiff's rights. To the extent that plaintiff names the head cook at RCCC as a defendant, the court is unable to serve the complaint on this defendant who is identified only as a John Doe. Nor is it apparent that the cook is responsible for the asserted constitutional violations concerning plaintiff's religious diet restrictions. Moreover, the complaint does not allege any actual adverse action that defendants Cooper and Leahy engaged in that would support a First Amendment retaliation claim. The complaint only alleges that these defendants threatened to retaliate against plaintiff. That is not sufficient to properly plead a retaliation claim. See Rhodes, 408 F.3d at 567-68. For all these reasons, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

1   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of

3   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6   complaint be complete in itself without reference to any prior pleading.  This is because, as a

7   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11        **V.**    **Plain Language Summary for Pro Se Party**

12        The following information is meant to explain this order in plain English and is not

13  intended as legal advice.

14        The court has reviewed the allegations in your complaint and determined that they do not

15  state any claim against the defendants.  Your complaint is being dismissed, but you are being

16  given the chance to fix the problems identified in this screening order.

17        Although you are not required to do so, you may file an amended complaint within 30

18  days from the date of this order.  If you choose to file an amended complaint, pay particular

19  attention to the legal standards identified in this order which may apply to your claims.

20        In accordance with the above, IT IS HEREBY ORDERED that:

21        1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

22        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

23  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

24  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

25  Sheriff of Sacramento County filed concurrently herewith.

26        3. Plaintiff's complaint is dismissed.

27        4. Plaintiff is granted thirty days from the date of service of this order to file an amended

28

complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 1, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/sing0660.14.new.county